IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| ANGELA WELLS, as administrator of the estate of Edwin Charles Wells, Jr., )<br>)<br>)<br>)<br>)<br>    Plaintiff,               )<br>                              )<br>    v.                        )<br>                              )<br>THOMAS JONES, et al.,        )<br>                              )<br>    Defendants.               ) | CIVIL ACTION NO.<br>2:22cv600-MHT<br>(WO) |

ORDER

On August 22, 2024, the court held oral argument on the two pending motions to dismiss.  In discussing the pending motions with the parties, the court grew concerned that plaintiff's counsel did not fully grasp the specificity of the factual contentions a complaint must contain to survive a motion to dismiss based on qualified immunity, and the admittedly murky distinction between conclusory allegations and well pleaded factual allegations.  The court was also concerned that counsel may have omitted factual allegations, focusing on each defendant separately,

that are critically important to determining whether that defendant can be held liable.  Plaintiff's counsel orally requested leave to amend the complaint, which the court indicated that it would grant.  However, before the court does so, plaintiff's counsel must demonstrate that he has researched the above matters and that he plans to add facts relevant to demonstrating a constitutional violation of clearly established law as to each defendant at the motion-to-dismiss stage.

***

Accordingly, it is ORDERED as follows:

(1) No later than September 20, 2024, plaintiff Angela Wells shall file a motion for leave to amend the complaint and an accompanying brief, with the proposed amended complaint attached.

(2) In the accompanying brief, plaintiff Wells is to explain how she has revised her complaint, what new factual contentions she has included, how those factual

2

contentions make out a violation of a constitutional right as to each defendant, and what specific cases she has consulted that suggest that the right at issue was clearly established.  Plaintiff Wells is not to rely exclusively on *Caldwell v. Warden, FCI Talladega*, 748 F.3d 1090 (11th Cir. 2014).

(3) Plaintiff Wells need not argue in her brief that her proposed revisions satisfy the standard under Federal Rule of Civil Procedure 15, that is, that the interests of justice require giving her leave to amend.  Rather, the court wants counsel to focus on qualified immunity caselaw and its application to the factual allegations in this case.

DONE, this the 26th day of August, 2024.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE